## M. G. Wilson v. The State.

### No. 2459. Decided May 21, 1913.

**Carrying Pistol—Evidence—Confessions.**

　　Where, upon trial of unlawfully carrying a pistol, the defendant made a confession, there was no error in admitting in evidence circumstances which tended to and corroborated the written confessions made by defendant, and the conviction was sustained.

Appeal from the County Court of Tarrant. Tried below before the Hon. R. E. Bratton.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of the offense of unlawfully carrying a pistol, and his punishment assessed at a fine of $100.

There is but one real issue in this case, and that is whether or not certain portions of the testimony was admissible, and as it all can be disposed of at one time we will make a short statement of the testimony.

H. P. Pepper testified that he, appellant and Lee Black were coming down the stairway in the Rosen hotel; that appellant and Lee Black stopped on the landing while he and others went on down the stairway; that those who stopped on the landing shot at those who went downstairs, and witness Pepper was shot in the arm with a 44-caliber ball.

Henry Lane testified that on this morning he saw two men coming from what was shown to be the direction of the Rosen hotel, across Commerce Street, with pistols in their hands; that one of the men placed the pistol he had under a shovel near the north side of the Majestic theater. Officer Schwain testified that on information he received from Henry Lane he found a pistol concealed under a shovel near the north side of the Majestic theater and identified the pistol, which was introduced in evidence. Officer Stanley testified that just about this time

he arrested appellant at a point near the Majestic theater.   Wood Williams testified that his pistol had been taken out of the saloon the night before without his consent; that the pistol found under the shovel near the Majestic theater by Officer Schwain and introduced in evidence was a 44-caliber pistol, and he identified it as his pistol, and that appellant had admitted to him that he was the person who took his pistol out of the saloon.   These would be circumstances authorizing the conviction of defendant, if the written confession made by appellant to the assistant county attorney had not been introduced, and the testimony of each of these witnesses was germane to prove the main fact sought to be proven, that is, appellant was on that occasion carrying a pistol.   All and each particle of the testimony tended to and did corroborate the written confession made by appellant wherein he admitted he had taken Williams' pistol out of the bar; that he shot at witness Pepper; carried the pistol to a point near the Majestic theater and hid it; that it was this pistol found by Officer Schwain.   Therefore, the State did not rely alone upon the written confession of defendant, but this confession was proven to be true by independent facts and circumstances.

The judgment is affirmed.

*Affirmed.*